IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE A. JOHNSON,

       Plaintiff,

  v.

C. WARNER, MS. HUBER,
MS. KNEWBERRY, T. MAASSEN,
T. ANDERSON, T. HENTZ, K. PRALLE,
S. ENDER, P. HULSTEIN, K. LABARBARA,
and MS. KIMPEL,

       Defendants.

OPINION AND ORDER

19-cv-689-wmc

---

*Pro se* plaintiff Maurice A. Johnson, who is currently incarcerated at the Jackson Correctional Institution ("Jackson"), filed this lawsuit pursuant to 42 U.S.C. § 1983, challenging how several state employees have handled his footwear needs. Specifically, he claims that defendants, health care professionals working at Columbia Correctional Institution ("Columbia") and Jackson, failed to provide him with adequate footwear following his surgery. While Johnson's complaint is ready for screening as required by 28 U.S.C. § 1915(e)(2), 1915A, since his complaint fails to comply with Federal Rules of Civil Procedure 8 and 20, the court will dismiss his complaint without prejudice. If Johnson wants to continue this lawsuit, he will need to submit an amended complaint that corrects the deficiencies outlined below.

ALLEGATIONS OF FACT[1]

Plaintiff Maurice Johnson was confined at Columbia between May 15, 2015, and October of 2016, and he has been incarcerated at Jackson since August of 2018.

---

[1] For screening purposes, the court assumes the following facts based on the allegations in plaintiff's

Defendants C. Warner, Ms. Knewberry, T. Anderson and Ender were all working at Columbia's Health Services Unit ("HSU") during Johnson's incarceration there. Defendants Huber, Maassen, Hentz, Pralle, Hulstein, LaBarbara and Kimpel were working in Jackson's HSU.

On May 15, 2015, Johnson was transferred to Columbia, where he submitted "numerous" Health Service Requests ("HSRs") in which he alleges that he informed HSU staff of severe pain and swelling in his feet from not having proper orthotic shoes. As of July 17, 2015, it appears Johnson had been transferred to the Wisconsin Resource Center ("WRC"). That day, Johnson underwent surgery on both feet. Dr. Corey Wesner performed the surgery and ordered that (1) Johnson undergo physical therapy and (2) the Wisconsin Department of Corrections ("DOC") allow him to order shoes from an outside vendor.

On August 29, 2016, defendant Anderson wrote a memorandum to Johnson in which she acknowledged that while he had orthotics, the state-issued boots were not appropriate for him. However, Anderson informed Johnson that he was responsible for ordering shoes that fit the recommendations of his off-site provider (Wesner). Apparently Johnson still had to wear his state boots, which caused further pain. In October of 2016, Johnson was transferred back to WRC, and he met with Dr. Wesner on February 18, 2017. Dr. Wesner took an x-ray of Johnson's feet and saw that one of the screws that had been implanted had moved out of place.

---

complaint, resolving ambiguities and drawing all reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Johnson was transferred to Jackson in August of 2018, where he submitted HSRs regarding his foot condition.  While Johnson ordered shoes from a DOC vendor, his orthotics did not fit inside those shoes.  On March 19, 2018, Johnson received a memorandum from the HSU informing him he would be referred to a podiatrist for a shoe fitting.  Johnson alleges that he submitted numerous HSRs to the Jackson's HSU Manager Maassen about proper footwear, but he did not receive a response.  Johnson alleges that he still does not have adequate footwear, and he holds the special needs committee responsible.

OPINION

Johnson seeks to proceed on Eighth Amendment and Wisconsin negligence claims related to the various health care providers' and special needs committee members' failure to provide him with proper orthotic shoes.  To state an Eighth Amendment claim related to medical or mental health care, a plaintiff must allege facts supporting an inference that his treatment demonstrates "deliberate indifference" to a "serious medical need."  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).  "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment."  *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).  "Deliberate indifference" encompasses two elements:  (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures.  A Wisconsin negligence claims requires the following four

3

elements: (1) breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

However, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Additionally, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 795, 798 (7th Cir. 2011).

While Johnson does not specify the nature of his foot condition, his allegations related to his need for surgery, physical therapy and orthotics support a reasonable inference that his need for adequate footwear constitutes a serious medical need. However, with the limited exceptions of T. Anderson and Maassen, Johnson's complaint does not lay out details about *who* he complained to about his footwear needs, *when* he complained, or *how* any proposed defendants responded to his reported symptoms. Instead, Johnson includes broad-stroke allegations that he submitted HSRs and did not receive adequate

responses.  These allegations do not provide defendants with fair notice of what they each did or did not do that constituted deliberate indifference or negligence.  While Johnson attaches 55 pages of his various HSRs to his complaint, he has not specifically alleged which defendants were involved in handling his care, and the court will not accept those attachments as a stand-in for Johnson's allegations related to the events.  *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 79-80 (1st Cir. 2014) ("[I]t is not [the court's] job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint.").

Even assuming Johnson had alleged sufficient facts to provide fair notice of his claims against Anderson and/or Maassen, Johnson's complaint does not satisfy the requirements of Federal Rule of Civil Procedure 20.  Under Rule 20, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A).  Yet, as the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).  If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Illinois*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).

Johnson's allegations cover his experiences between 2015 and October of 2016 at Columbia, and then his experiences between August of 2018 and the present day at Jackson. Johnson has not alleged that the same individuals were involved in his care at these two institutions. While there is some degree of continuity between these two series of events because they relate to his footwear needs, the time periods are not continuous, and actually relate to different events: at Columbia Johnson's complaints related to his inability to wear non-state-issued boots, and at Jackson his complaints relate to his inability to get a vendor-provided shoe that fit his orthotics. Given the almost two-year gap in time and differences in the particular concerns Johnson was raising to the health officials at Columbia versus Jackson, the court concludes that Johnson's complaint outlines two unrelated series of occurrences and thus does not satisfy the requirements of Rule 20.

The court will give Johnson a brief window of time, until **July 27, 2020,** to submit a proposed amended complaint that provides more details about the claims he wishes to pursue. Johnson should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events. He should be sure to identify the specific defendants who are being sued, the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. Johnson should refrain from simply referring the court to the attachments to his complaint, and instead he should focus on laying out the allegations in a chronological fashion. Additionally, Johnson must be sure to include *all* of his allegations in his proposed amended complaint. Finally, in preparing his amended complaint, Johnson should be sure to include *only* the claims arising from the same

transaction or occurrence or series of transactions or occurrences, meaning that he may pursue his claims against the Columbia defendants *or* the Jackson defendants in this lawsuit, but not both groups of defendants.  He will need to file a separate lawsuit against the group of defendants he does not proceed against in this lawsuit, which will require him to pay a separate filing fee and be subject to screening a required by § 1915A.  After the court receives Johnson's proposed amended complaint in this lawsuit, the court will screen his amended complaint and determine whether this case may proceed further.

ORDER

IT IS ORDERED that:

1) Plaintiff Maurice Johnson's complaint is DISMISSED without prejudice under Federal Rules of Civil Procedure 8 and 20.

2) Plaintiff has until **July 28, 2020,** to respond to this order as directed above.  If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice for failure to prosecute.

Entered this 7th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7