IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE A. JOHNSON,

                Plaintiff,                OPINION AND ORDER

    v.                                               19-cv-689-wmc

CANDACE WARNER,
TRISHA ANDERSON,
KERRY BUECHNER and
SANDRA ENDER,

                Defendants.

*Pro se* plaintiff Maurice Johnson, formerly a prisoner at Columbia Correctional Institution ("Columbia"), is proceeding in this lawsuit on Eighth Amendment deliberate indifference and Wisconsin negligence claims against four current or former Columbia employees for their handling of Johnson's reports of severe foot pain in 2016. More specifically, the court granted Johnson leave to proceed against Nurses Trisha Anderson and Candace Warner for their alleged failure to investigate Johnson's repeated complaints about foot pain; against Nurses Kerry Buechner and Sandra Ender for completely ignoring his complaints of severe foot pain; and against Anderson for ignoring Johnson's complaint that his state-issued boots were inadequate and requiring him to pay for personal shoes. Defendants have filed a motion for summary judgment on the ground that Johnson failed to exhaust his administrative remedies with respect to all of his claims in this lawsuit. (Dkt. #22.) The undisputed evidence of record shows that Johnson did not follow the exhaustion procedures with respect to his claims against Buechner, Warner and Ender, but Johnson did file one inmate complaint implicating Anderson's handling of his request for

adequate shoes. Therefore, the court is granting in part and denying in part defendants' motion, with Johnson's claim against Anderson related to how she handled his complaints about footwear being the sole remaining claim.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025. *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under the regulations in place in 2016, Wisconsin prisoners were required to start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin.

2

Code § DOC 310.09(6). The regulations provided that the complaint must "[c]ontain only one issue . . . and shall clearly identify the issue." *Id.* § 310.09(1)(e). Relevant here, once an inmate filed a complaint, the institution complaint examiner ("ICE") was required to assign the complaint a file number, classification code and date. *Id.* § 310.11(2). The ICE was further required to "review and acknowledge each complaint in writing within 5 working days after the date of receipt by the ICE." *Id.*

If the institution complaint examiner ("ICE") rejected a grievance for procedural reasons without addressing the merits, an inmate could appeal that rejection. *Id.* § 310.11(6). If the complaint was not rejected on procedural grounds, then the institution examiner must make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("corrections examiner") within "10 calendar days." *Id.* §§ 310.12, 310.13.[1] If appealed timely, then the corrections examiner must make a recommendation to the Secretary of the Department of Corrections, whose decision is final. *Id.* §§ 310.13, 310.14.

Johnson alleges that he underwent surgery for a foot condition in 2015, and that between 2015 and 2016, his complaints about pain and his state-issued boots and orthotics were largely ignored. The court granted Johnson leave to proceed against defendants on Eighth Amendment deliberate indifference and Wisconsin negligence claims based on their

---

[1] "Upon good cause, the CCE may accept for review an appeal filed later than 10 days after receipt of the decision." Wis. Admin. Code § DOC 310.13(2).

3

alleged responses to Johnson's persistent complaints about foot pain between 2015 and 2016. More specifically, although Anderson and Warner reviewed Johnson's Health Service Requests ("HSRs") complaining about foot pain, neither defendant investigated to determine whether the treatment plan for his pain should change, and Buechner and Ender simply ignored plaintiff's pain complaints. Additionally, Johnson alleged that in August of 2016, Anderson acknowledged that Johnson's state-issued boots did not meet his needs, but she still required him to obtain and pay for his own shoes.

Johnson filed one inmate complaint challenging the treatment of his foot pain, CCI-2016-6096. (Ex. 1001 (dkt. #24-2) 12.) Johnson alleged that he was not being allowed to order shoes from an outside vendor. He more specifically reported that he had contacted the Health Service Unit ("HSU") supervisor and HSU staff about ordering a pair of shoes that had been recommended after his surgery, but HSU staff responded that there was no restriction that enabled him to order shoes from an outside vendor. (*Id.*) Johnson added that he should be allowed to order shoes from an outside vendor because he was "in a lot of pain daily." (*Id.*)

The ICE recommended dismissal of the complaint based on information provided by Warner, who noted that a doctor had recommended different shoes but had not ordered them, and that "to purchase shoes greater than $100.00, [Johnson needed] to follow security rules and order security-approved personal shoes from the catalogs." (Ex. 1001 (dkt. #24-2) 2-4.) The ICE further wrote that because there was no order for shoes over $100 for Johnson, he would have to place an order through the approved vendor. The reviewing authority dismissed the complaint, Johnson timely appealed, the CCE

recommended dismissal and the Secretary accepted that recommendation and dismissed Johnson's appeal.

Defendants seek summary judgment because the issues Johnson raised in CCI-2016-6096 did not relate to the allegations upon which Johnson is proceeding. Although the court will address Johnson's specific arguments in opposition, the court finds that Johnson followed all exhaustion procedures with respect to his claim that Anderson mishandled his complaint about state-issued boots. Defendants' position is that Johnson's allegations did not implicate this claim, but the court explicitly granted Johnson leave to proceed against Anderson for allegedly requiring Johnson to pay for shoes recommended by a doctor, despite acknowledging that his state-issued boots were inadequate. (9/29/21 Op. & Order (dkt. #12) 4.) Johnson's general complaint about being required to pay for his own shoes was sufficient to implicate Anderson, since all Johnson had to allege to grieve this claim against Anderson was to "provide[d] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2020)).[2] Johnson's complaint about how prison staff were responding -- that there was no order for outside shoes -- coupled

---

[2] The court notes that Anderson's communication to Johnson did not occur until August of 2016, after Johnson filed CCI-2016-6069. However, under the doctrine set forth in *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), an inmate does not need to file multiple successive grievances raising the same issue if the claimed violation is continuing. Since Johnson had already filed an inmate complaint complaining about his inability to obtain the shoes recommended by an outside provider, he did not need to file another inmate complaint to bring a lawsuit challenging this unchanged decision. In any event, defendants do not raise this time gap, so this argument is waived. Finally, this earlier inmate complaint may suggest that Johnson has omitted certain defendants who were responsible for previously denying his request for the recommended shoes. Should Johnson *promptly* seek leave of court to amend his complaint to include additional defendants, the court would consider including them in this lawsuit, provided that plaintiff's allegations implicating any new defendants support an inference of deliberate indifference.

with his statement that he was in pain, gave prison officials a reasonable opportunity to address the fact that prison officials were not following the recommendations of his off-site provider.  Since Johnson followed each step of the exhaustion process for CCI-2016-6096, defendants have not proven non-exhaustion with respect to Johnson's claim against Anderson involving ordering and paying for non-state issued boots.  Therefore, defendants' motion for summary judgment will be denied in that respect.

However, defendants are entitled to summary judgment as to the balance of Johnson's claims.  Johnson argues in his opposition brief that on February 28, 2016, he tried to file an inmate complaint about the treatment of his medical issues, but he was told to reach out to the HSU supervisor.  Johnson claims that he felt that prison officials were trying to hurt him because he had filed a lawsuit in 2012, but nonetheless did as he was told.  Johnson further claims that when he attempted to resubmit the complaint, Columbia officials told him that it was untimely.

Yet Johnson has not provided any details about which Columbia officials told him to attempt to work out his concerns about his medical treatment, nor has he submitted evidence related to that claimed interaction.  Nor does Johnson suggest that any prison official told him that he could not file an inmate complaint after reaching out to the HSU supervisor.  Therefore, there is no genuine dispute of fact related to whether prison officials took steps to prevent Johnson from filing a timely inmate complaint related to his remaining claims.  More problematic, there is no evidence that Johnson actually attempted to informally resolve the dispute through HSU personnel and then unsuccessfully filed an untimely inmate complaint, and Johnson's Inmate Complaint History Report does not

6

include an entry suggesting that the ICE rejected a complaint raising medical care issues in February or March of 2016. (*See* Ex. 1001 (dkt. #2) 1.) Instead, Johnson submitted a declaration attesting to the HSRs he submitted in February and April of 2016 raising concerns with his foot pain. (*See* dkt. #27.) Yet evidence of Johnson's communications with HSU staff do not serve as a stand-in for the requirement that he follow each step of Wisconsin exhaustion procedures.

Accordingly, defendants have proven Johnson's non-exhaustion as to his federal claims in this lawsuit against Buechner, Warner and Ender, and as to Anderson's handling of his pre-August 2016 pain complaints, which must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). The court, however, understands that ruling essentially functions as dismissals with prejudice, since it would be too late for Johnson to exhaust these claims now. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted). Moreover, the court will relinquish jurisdiction over plaintiff's parallel supplemental state law claims against these defendants, and dismiss defendants Buechner, Warner and Ender from this lawsuit. *See* 28 U.S.C. § 1367(c); *Burritt v. Ditfelson*, 807 F.3d 239, 252 (7th Cir. 2015) (absent good grounds, district courts should relinquish supplemental jurisdiction over state law claims once federal claims are dismissed).

In light of these rulings, Johnson's remaining claims in this lawsuit, therefore, are his Eighth Amendment deliberate indifference and Wisconsin negligence claims against

7

Anderson, for her August 2016 handling of Johnson's desire to obtain the shoes an off-site doctor recommended for him.

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. #22) is GRANTED in part and DENIED in part.

2) Plaintiff Maurice Johnson's Eighth Amendment and state law claims against defendants Ender, Buechner and Warner, as well as his claims against defendant Anderson related to her responses to his HSRs about pain, are DISMISSED without prejudice.  Defendants Ender, Buecher and Warner are DISMISSED from this lawsuit.

Entered this 18th day of May, 2022.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge